**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL**

| | | |
|---|---|---|
| INNOVATIVE DISPLAY | § | |
| TECHNOLOGIES LLC, | § | Civil Action No. 2:13-CV-00522-JRG |
| | § | |
| Plaintiff, | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| ACER INC.  and ACER AMERICA | § | |
| CORPORATION | § | |
| Defendants. | | |

**DEFENDANTS ACER INC.'S AND ACER AMERICA CORPORATION'S**
**ANSWER AND DEFENSES TO PLAINTIFF INNOVATIVE DISPLAY TECHNOLOGIES**
**LLC'S COMPLAINT**

Defendants Acer Inc. and Acer America Corporation ("Defendants" or "Acer") answer

Plaintiff Innovative Display Technologies LLC's ("Plaintiff" or "IDT") Complaint("Complaint")

dated June 28, 2013 as follows:

**THE PARTIES**

1.      Acer is without knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in Paragraph 1, and on that basis denies them.

2.      Admitted.

3.      Acer admits that Acer America Corporation is a private company incorporated in

California with its offices at 333 West San Carlos Street, Suite 1500, San Jose, CA 95110.Acer

admits that Acer America Corporation is an indirect and partially-owned subsidiary of Acer Inc.

Unless expressly admitted, Acer denies the allegations set forth in Paragraph 3.

4.      Denied.

5.      Denied.

## JURISDICTION AND VENUE

6.      Acer admits that this action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*., including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  Acer admits that this Court has subject matter jurisdiction over this case for alleged patent infringement under 28 U.S.C. §§ 1331 and 1338(a).  Unless expressly admitted, Acer denies the allegations set forth in Paragraph 6.

7.      For purposes of this action only, Acer admits that this Court has personal jurisdiction over Acer Inc.  Unless expressly admitted, Acer denies the allegations set forth in Paragraph 7.

8.      Denied.

9.      For purposes of this action only, Acer admits that this Court has personal jurisdiction over Acer America Corporation.  Unless expressly admitted, Acer denies the allegations set forth in Paragraph 9.

10.      Denied.

11.      Denied.

## BACKGROUND

12.      Acer admits that on June 29, 2004, the United States Patent and Trademark Office issued U.S. Patent No. 6,755,547 (the "'547 patent") entitled "Light Emitting Panel Assemblies" and listing Jeffrey R. Parker as the named inventor.  Acer admits that Exhibit A to the Complaint is a copy of the '547 patent.  Acer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 12, and on that basis denies them.

13.     Acer admits that on November 27, 2007, the United States Patent and Trademark Office issued U.S. Patent No. 7,300,194 (the "'194 patent") entitled "Light Emitting Panel Assemblies" and listing Jeffrey R. Parker as the named inventor.  Acer admits that Exhibit B to the Complaint is a copy of the '194 patent.  Acer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 13, and on that basis denies them.

14.     Acer admits that on June 10, 2008, the United States Patent and Trademark Office issued U.S. Patent No. 7,384,177 (the "'177 patent") entitled "Light Emitting Panel Assemblies" and listing Jeffrey R. Parker as the named inventor.  Acer admits that Exhibit C to the Complaint is a copy of the '177 patent.  Acer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 14, and on that basis denies them.

15.     Acer admits that on July 29, 2008, the United States Patent and Trademark Office issued U.S. Patent No. 7,404,660 (the "'660 patent") entitled "Light Emitting Panel Assemblies" and listing Jeffrey R. Parker as the named inventor.  Acer admits that Exhibit D to the Complaint is a copy of the '660 patent.  Acer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 15, and on that basis denies them.

16.     Acer admits that on October 14, 2008, the United States Patent and Trademark Office issued U.S. Patent No. 7,434,974 (the "'974 patent") entitled "Light Emitting Panel Assemblies" and listing Jeffrey R. Parker as the named inventor.  Acer admits that Exhibit E to the Complaint is a copy of the '974 patent.  Acer is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 16, and on that basis denies them.

17.     Acer admits that on May 26, 2009, the United States Patent and Trademark Office issued U.S. Patent No. 7,537,370 (the "'370 patent") entitled "Light Emitting Panel Assemblies" and listing Jeffrey R. Parker as the named inventor.  Acer admits that Exhibit F to the Complaint is a copy of the '370 patent.  Acer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 17, and on that basis denies them.

18.     Acer admits that on July 10, 2012, the United States Patent and Trademark Office issued U.S. Patent No. 8,215,816 (the "'816 patent") entitled "Light Emitting Panel Assemblies" and listing Jeffrey R. Parker as the named inventor.  Acer admits that Exhibit G to the Complaint is a copy of the '816 patent.  Acer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 18, and on that basis denies them.

19.     Acer is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19, and on that basis denies them.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

## COUNT I

24.     Acer incorporates Paragraphs 1 through 23 herein by reference.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

## COUNT II

35.   Acer incorporates Paragraphs 1 through 34 herein by reference.

36.   Denied.

37.   Denied.

38.   Denied.

39.   Denied.

40.   Denied.

41.   Denied.

42.   Denied.

43.   Denied.

44.   Denied.

45.   Denied.

## COUNT III

46.   Acer incorporates Paragraphs 1 through 45 herein by reference.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

## <u>COUNT IV</u>

57. Acer incorporates Paragraphs 1 through 56 herein by reference.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

## COUNT V

68.  Acer incorporates Paragraphs 1 through 67 herein by reference.

69.  Denied.

70.  Denied.

71.  Denied.

72.  Denied.

73.  Denied.

74.  Denied.

75.  Denied.

76.  Denied.

77.  Denied.

78.  Denied.

## COUNT VI

79.  Acer incorporates Paragraphs 1 through 78 herein by reference.

80.  Denied.

81.  Denied.

82.  Denied.

83.  Denied.

84.  Denied.

85.  Denied.

86.  Denied.

87.  Denied.

88.  Denied.

89. Denied.

## COUNT VII

90. Acer incorporates Paragraphs 1 through 89 herein by reference.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

## CONCLUSION

101. Denied.

102. Denied.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

103. Acer admits that Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal

Rules of Civil Procedure.

## DENIAL OF PLAINTIFF'S PRAYER FOR RELIEF

Acer respectfully requests that the Court deny Plaintiff's prayer for relief.

## DEFENSES

Further answering the Complaint, Acer asserts the following defenses. Acer reserves the right to amend its answer with additional defenses as further information is obtained.

## FIRST DEFENSE:
## FAILURE TO STATE A CLAIM

Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE:
## NON- INFRINGEMENT

Acer has not infringed and does not infringe, has not contributed and does not contribute to the infringement of, andhas not induced and does not induce others to infringe any valid and enforceable claim of the '547 patent, the '194 patent, the '177 patent, the '660 patent, the '974 patent, the '370 patent, and the '816 patent (collectively, "patents-in-suit"), either directly, indirectly, literally, or under the doctrine of equivalents.

## THIRD DEFENSE:
## INVALIDITY

The patents-in-suit are invalid for failing to comply with the provisions of the Patent Laws, Title 35 U.S.C., including without limitation one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

## FOURTH DEFENSE:
## LIMITATION ON DAMAGES

Plaintiff has failed to plead and meet the requirements of 35 U.S.C. § 284.Plaintiff's recovery for alleged infringement of the patents-in-suit if any, is limited to any alleged infringement committed no more than six years prior to the filing of its original complaint, pursuant to 35 U.S.C. § 286.

## FIFTH DEFENSE:
## LIMITATION ON COSTS

Plaintiff is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

## SIXTH DEFENSE:
## FAILURE TO MARK

On information and belief, Plaintiff has failed to plead and meet the requirements of 35 U.S.C. § 287, and has otherwise failed to show that it is entitled to any damages.  Plaintiff's claims for damages predating the filing of this action are barred by 35 U.S.C. § 287.  Upon information and belief, Acer received no constructive notice of infringement via products adequately marked under 35 U.S.C. § 287 that are or were sold by one of Plaintiff or any predecessors-in-interest to the patents-in-suit, or parties licensed to the patents-in-suit, to manufacture, sell or distribute products that practice the patents-in-suit.  Neither did Acer receive actual notice of infringement prior to the filing of this Complaint.

## SEVENTH DEFENSE:
## PROSECUTION HISTORY ESTOPPEL

Plaintiff's alleged causes of action for patent infringement are barred under the doctrine of prosecution history estoppel, and Plaintiff is estopped from claiming that the patents-in-suitcover or include any accused Acer product or method.

## EIGHTH DEFENSE:
## DEDICATION TO THE PUBLIC

Plaintiff has dedicated to the public all methods, apparatus, and products disclosed in the patents-in-suit, but not literally claimed therein, and is estopped from claiming infringement by any such public domain methods, apparatus, and products.

**NINTH DEFENSE:**
**USE/MANUFACTURE BY/FOR UNITED STATES GOVERNMENT**

To the extent that any accused product or method has been used or manufactured by or for the United States, Plaintiff's claims and demands for relief are barred by 28 U.S.C. § 1498.

**TENTH DEFENSE:**
**LACHES, WAIVER AND ESTOPPEL**

Plaintiff's claims for relief are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

**ELEVENTH DEFENSE:**
**UNCLEAN HANDS**

On information and belief, Plaintiff has rendered the patents-in-suit unenforceable under the doctrine of unclean hands.

**TWELFTH DEFENSE:**
**LICENSE AND PATENT EXHAUSTION**

On information and belief, some or all of Acer' accused products are licensed under the patents-in-suit and/or subject to the doctrines of patent exhaustion and implied license.

**THIRTEENTH DEFENSE:**
**UNAVAILABILITY OF INJUNCTIVE RELIEF**

Claims by Plaintiff for injunctive relief are barred as a matter of law because Plaintiff has an adequate remedy at law for any claims included in the Complaint that Plaintiff may ultimately prevail on.

**FOURTEENTH DEFENSE:**
**PLAINTIFF CANNOT PROVE EXCEPTIONAL CASE**

Plaintiff cannot prove that this is an exceptional case justifying award of attorney fees against Acer pursuant to 35 U.S.C. § 285.

## RESERVATION OF ADDITIONAL DEFENSES

Acer's investigation of their defenses is continuing, and Acer expressly reserves the right to allege and assert any additional defenses under Rule 8 of the Federal Rules of Civil Procedure, the patent laws of the United States and any other defense, at law or in equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

## ACER'S DEMAND FOR A JURY TRIAL

Acer requestsa trial by jury, under Rule 38 of the Federal Rules of Civil Procedure, for all issues triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Acer prays for relief as follows:

A.      That the Court enter judgment in favor of Acer, and against Plaintiff;

B.      That the Court find the patents-in-suit not infringed by Acer;

C.      That the Court find the patents-in-suit invalid;

D.      That the Court find the patents-in-suit unenforceable;

E.      That Plaintiff take nothing by its Complaint against Acer;

F.      That the Court find this case exceptional under 35 U.S.C. § 285, and award Acer its costs and fees in this action, including reasonable attorneys' fees and pre-judgment interest thereon; and

G.      That the Court grant Acer such other and further relief as it deems just and proper.

Dated:  September 23, 2013                    FINDLAY CRAFT LLP

                                             By: */s/ Brian Craft*
                                                 Roger Brian Craft
                                                 Texas Bar No. 04972020
                                                 Eric Hugh Findlay
                                                 Texas Bar No. 00789886
                                                 6760 Old Jacksonville Hwy, Suite 101
                                                 Tyler, TX 75703
                                                 Tel: (903) 534-1100
                                                 Fax: (903) 534-1137
                                                 Email: bcraft@findlaycraft.com
                                                 Email: efindlay@findlaycraft.com


                                             TECHKNOWLEDGE LAW GROUP LLP
                                                 Hsiang ("James") Lin
                                                 Kevin C. Jones
                                                 Michael C. Ting
                                                 Ken K. Fung
                                                 1521 Diamond Street
                                                 San Francisco, CA  94131
                                                 Tel: (415) 816-9525
                                                 Email: jlin@techknowledgelaw.com

                                                 Attorneys for Defendants
                                                 *ACER INC. and ACER AMERICA
                                                 CORP.*



                            **CERTIFICATE OF SERVICE**


          This is to certify that on September 23, 2013, all counsel of record were served with the

foregoing document *via* the Court's electronic filing system.



                                                 */s/ Brian Craft*
                                                 Brian Craft