UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| INNOVATIVE DISPLAY TECHNOLOGIES LLC, <br><br> Plaintiff, <br> v. <br><br> ACER INC., ET AL., <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 2:13-CV-00522-JRG <br> **LEAD CASE**[1] <br><br> JURY TRIAL DEMANDED |

## DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS

Defendants Acer Inc., Acer America Corporation, Dell Inc., Hewlett-Packard Company, Huawei Investment and Holding Co., Ltd., Huawei Technologies Co., Ltd., Huawei Device USA Inc., BlackBerry Corporation, BlackBerry Limited, and Microsoft Corporation (collectively, "Defendants") respectfully submit this motion for leave to amend their P.R. 3-3 Invalidity Contentions pursuant to Federal Rule of Civil Procedure 16 and Local Patent Rule 3-6(b) to include four new references that were just recently located. The proposed Amended Invalidity Contentions, including claim charts for the new references, are attached as Exhibits B-G. Defendants identified the four new references to Plaintiff before filing this motion and requested that Plaintiff agree to the amendment. The parties met and conferred on May 15, 2014 and Plaintiff stated that it would oppose this motion.

## I.   INTRODUCTION

Under Local Patent Rule 3-6(b), Defendants hereby move the Court for leave to amend their P.R. 3-3 Invalidity Contentions to add four new references that were just recently identified: U.S. Patent No. 4,945,350, U.S. Patent No. 5,592,332, Japanese Patent Application JP H05-

---

[1] The following cases have been consolidated for pre-trial purposes: Case Nos. 2:13-cv-00522-JRG, 2:13-cv-00523-RSP, 2:13-cv-00524-JRG, 2:13-cv-00525-JRG, 2:13-cv-00526-JRG, and 2:13-cv-00783-JRG

1

196820A, and Japanese Patent Application JP H06-242321. Despite exhaustive efforts to locate prior art in preparing their original P.R. 3-3 Invalidity Contentions, Defendants only last month identified two new U.S. prior art references, and only last week identified two new Japanese prior art references. The new references present unique grounds for anticipation and obviousness not previously presented. Addition of the prior art references at this relatively early stage will not prejudice Plaintiff in any way and will not impact any dates in the scheduling order because over five months remain in discovery and no other procedural stage will be impacted.

## II.     FACTUAL BACKGROUND

Plaintiff filed its complaints against Defendants in June and October 2013 asserting seven patents, U.S. Patent Nos. 6,755,547 (the "'547 Patent"), 7,300,194 (the "'194 Patent"), 7,384,177 (the "'177 Patent"), 7,404,660 (the "'660 Patent"), 7,434,974 (the "'974 Patent"), 7,537,370 (the "'370 Patent"), and 8,215,816 (the "'816 Patent") (collectively the "Patents-in-Suit"). On December 19, 2013, the Court consolidated the six cases for all pretrial issues. (Dkt. No. 24).

On December 20, 2013, Plaintiff served on Defendants its Disclosure of Asserted Claims and Infringement Contentions pursuant to Local Patent Rule 3-1. (Dkt. No. 25). On February 14, 2014, Defendants served their Invalidity Contentions on Plaintiff pursuant to Local Patent Rule 3-3. (Dkt. No. 50). In preparing their Invalidity Contentions, Defendants spent months reviewing and searching for relevant prior art, including identifying relevant prior art across Asia, Europe, and the U.S. After such extensive efforts, Defendants served their Invalidity Contentions on Plaintiff stating that: "Defendants' search for prior art references, additional documentation, and/or corroborating evidence concerning prior art systems is ongoing. Accordingly, Defendants reserve the right to continue to supplement their production as Defendants obtain additional prior art references, documentation, and/or corroborating evidence concerning invalidity during the course of discovery." Exhibit A at p. 37. There have been no

objections by Plaintiff to date regarding the sufficiency, or otherwise, of Defendants' Invalidity Contentions.

On April 9, 2014, Defendants discovered U.S. Patent No. 4,945,350 and U.S. Patent No. 5,592,332 as possible new prior art references for the first time. On May 12, 2014, Defendants discovered Japanese Patent Application JP H05-196820A and on May 14, 2014, Japanese Patent Application JP H06-242321 as possible new prior art references for the first time. None of these references were previously identified in the prosecution of the patents or in Defendants' prior searches. On May 8, 2014, Defendants contacted Plaintiff regarding their intention to amend Defendants' Invalidity Contentions. The parties met and conferred on May 15, 2014.

The claim construction phase of this litigation recently began and the parties do not exchange opening claim construction briefs until June 16, 2014. Over five months remain in discovery. (Dkt. No. 37.) No expert disclosures have occurred.

## III. ARGUMENT

Under Local Patent Rule 3-6(b) amendment of Infringement or Invalidity Contentions "may be made only by order of the Court, which shall be entered only upon a showing of good cause." As courts in this District have held, "[a court] should consider four factors in ruling on such motions: (1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would excluded; and (4) the availability of a continuance to cure such prejudice." *Mondis Tech. Ltd., v. LG Elecs., Inc.*, Nos. 2:07–CV–565–TJW–CE, 2:08–CV–478–TJW, 2011 WL 2149925, at *1 (E.D. Tex. May 5, 2011) (*citing Arbitron, Inc. v. Int'l Demographics, Inc.*, No. 2:06-CV-434, 2009 WL 166555, at *1 (E.D. Tex. Jan. 16, 2009). As set forth below, each of these factors weighs in favor of permitting the requested amendment. Courts in this district have found a showing of good cause despite worse circumstances. *See, e.g., Tyco Healthcare Grp. LP v. E-Z-EM, Inc.*,

No. 2:07-CV-262 (TJW), 2010 WL 7853420 (E.D. Tex. Apr. 1, 2010) (finding that "Plaintiffs have sufficient notice of Defendants' invalidity positions" and allowing defendants to add prior art six month before jury selection); *Sybase, Inc. v. Vertica Sys., Inc.*, No. 6:08 CV 24, 2009 WL 4574690 (E.D. Tex. Nov. 30, 2009) (no dispute of good cause when defendant sought to add "recently discovered prior art" references less than two months before the *Markman* hearing); *Alt v. Medtronic, Inc.*, No. 2:04-CV-370, 2006 WL 278868 (E.D. Tex. Feb. 1, 2006) (finding good cause despite defendant seeking to add eight new references seven months after serving its Preliminary Invalidity Contention and after the conclusion of the *Markman* hearing); *Intergraph Corp. v. Intel Corp.*, No. 2:01-CV-160 (TJW), 2002 WL 34534505, at *1 (E.D. Tex. Jun. 18, 2002) (granting defendant's Motion for Leave to Supplement its Invalidity Contentions because they were "served well in advance of the court's claim construction ruling and well in advance of trial").

      A.      **Defendants Acted Diligently Upon Discovering The References**

On December 20, 2013, Plaintiff served on Defendants its Disclosure of Asserted Claims and Infringement Contentions pursuant to Local Patent Rule 3-1. (Dkt. No. 25). Under the Court's Docket Control Order (Dkt. No. 37), Defendants had under two months to search and review relevant art to the seven Patents-in-Suit that covered "Light Emitting Panel Assemblies." In just a few weeks, Defendants identified 47 prior art references in their Invalidity Contentions, which included numerous foreign references that required translations, and 69 Claim Charts. *See* Exhibit A – Defendants' Original Invalidity Contentions. In preparing their Invalidity Contentions, Defendants sought to identify prior art across multiple countries in Asia, Europe, and the United States. Even with such effort, Defendants recognized the possibility that new art may be identified and therefore included in its Invalidity Contentions a reservation of rights to supplement its Invalidity Contentions.

Upon receiving this new prior art, Defendants acted quickly in identifying the references to Plaintiff and bringing this motion. The two Japanese references were obtained just one week ago, on May 12 and May 14. The two U.S. references were obtained only one and a half months ago, on April 9. In this short period of time, Defendants have analyzed these references, obtained translations of the two Japanese references, notified Plaintiff of their intention to amend their Invalidity Contentions, and prepared and filed this motion. These efforts, all in the course of one and a half months, demonstrates Defendants' diligence in bringing this new art to the attention of Plaintiff and the Court.

### B. The New References Are Highly Important To Defendants' Case

It is critically important to Defendants' case that the new art be considered. Each reference provides a unique ground for anticipation not previously considered, in addition to new obviousness positions. The inclusion of this art would present even stronger grounds for invalidity and would simplify and reduce the number of issues present in the case. Further, it would be detrimental and unjust should Defendants be refused the opportunity to put on the entirety of their invalidity case at trial, especially in light of the lack of prejudice to Plaintiff in this early stage of the litigation.

### C. Plaintiff Will Not Be Prejudiced By The Inclusion Of The New References

Plaintiff will not suffer any prejudice if the requested amendment is granted. Plaintiff will have enough time to conduct adequate discovery regarding the new prior references as discovery has just begun and the deadline to complete fact discovery is still over five months away. This is earlier than amendments which were granted in *Tyco* (six months before jury selection), *Sybase* (less than two months before *Markman* hearing), and *Alt* (seven months after serving Preliminary Invalidity Contentions and after conclusion of *Markman* hearing).

Furthermore, the inclusion of the new prior art references will have no impact on the parties' claim construction positions, as claim construction is a matter to be determined independent of such issues as invalidity. "The claims can not be rewritten by the court to avoid the impact of newly discovered prior art, for the role of 'claim construction' is to describe the claim scope as it was intended when examined and obtained by the applicant, not as it might have been limited upon a different record of prosecution and prior art." *Karsten Mfg. Corp. v. Cleveland Golf Co.*, 242 F.3d 1376, 1384 (Fed. Cir. 2001).

Finally, in an attempt to reduce the issues being added, Defendants have carefully selected the number of new references and also limited the number of Plaintiff patents for which these references are submitted. The four references result in only five new claim charts, three of the new references applying to one Patent-in-Suit each, and the fourth new reference applying to only two Patents-in-Suit. Inclusion of only four references will not prejudice Plaintiff at this stage. *Alt*, 2006 WL 278868 (allowing amendment to add eight new references).

### D. A Continuance Is Available But Is Not Necessary

The Docket Control Order would not be impacted and no dates would need to be rescheduled should the Court grant Defendants' Motion. Jury selection is set for March, 9, 2015, and the *Markman* hearing is more than two months away. Plaintiff has only served six interrogatories on each Defendant and no depositions have been taken. Thus, there is no need for a continuance of this litigation. However, should the Court find that a continuance is warranted, any such continuance would be minimal and would fit into the current scheduled trial date. This factor strongly weighs in Defendants' favor.

### IV. CONCLUSION

For the foregoing reasons, Defendants submit that good cause exists to amend their P.R. 3-3 Invalidity Contentions to add the four references identified above.

Dated: May 20, 2014

FINDLAY CRAFT P.C.

By: */s/ Brian Craft*
    Eric H. Findlay
    Roger Brian Craft
    102 North College Avenue, Suite 900
    Tyler, TX 75702
    Tel: (903) 534-1100
    Fax: (903) 534-1137
    Email: efindlay@findlaycraft.com
    Email: bcraft@findlaycraft.com

TECHKNOWLEDGE LAW GROUP LLP
    Hsiang ("James") Lin
    Kevin Jones
    Michael C. Ting
    Ken K. Fung
    100 Marine Parkway, Suite 200
    Redwood Shores, CA 94065
    Tel: (650) 867-7776
    Email: kjones@tklg-llp.com

Attorneys for Defendants **ACER INC. and ACER AMERICA**

*/s/Timothy C. Bickham*

**Timothy C. Bickham**
tbickham@steptoe.com
(*pro hac vice pending*)
**Scott M. Richey**
srichey@steptoe.com
(*pro hac vice pending*)
**STEPTOE & JOHNSON LLP**
1330 Connecticut Avenue, NW
Washington DC 20036
(202) 429-5517
(202) 429-3902 (fax)

**Jeffrey J. Cox**
jcox@hdbdlaw.com
State Bar No. 04947530
**Sean N. Hsu**
shsu@hdbdlaw.com
State Bar No. 24056952

**HARTLINE DACUS BARGER DREYER LLP**
6688 North Central Expressway, Suite 1000
Dallas, Texas 75206
(214) 369-2100
(214) 369-2118 (fax)

**ATTORNEYS FOR DEFENDANTS HUAWEI DEVICE USA INC., HUAWEI TECHNOLOGIES CO., LTD., AND HUAWEI INVESTMENT AND HOLDING CO. LTD.**


*/s/ Richard A. Cederoth*
Harry L. Gillam, Jr.
Texas State Bar No. 07921800
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
gil@gillamsmithlaw.com

David T. Pritikin
dpritikin@sidley.com
Richard A. Cederoth
rcederoth@sidley.com
Douglas I. Lewis
dilewis@sidley.com
Ellen S. Robbins
erobbins@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
Telephone: 312-853-7000
Facsimile: 312-853-7036

Nabeel U. Khan
Texas State Bar No. 24074530
nkhan@sidley.com
SIDLEY AUSTIN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: 214-981-3300
Facsimile: 214-981-3400

ATTORNEYS FOR DEFENDANT

MICROSOFT CORPORATION


/s/ *Susan Baker Manning*
E. Leon Carter (Texas Bar No. 03914300)
lcarter@carterscholer.com
John S. Torkelson (Texas Bar No. 00795154)
jtorkelson@carterscholer.com
Joshua Bennett (Texas Bar No. 24059444)
jbennett@carterscholer.com
**CARTER SCHOLER ARNETT HAMADA & MOCKLER, PLLC**
8150 N. Central Expressway, Suite 1950
Dallas, Texas 75206
Telephone: 214.550.8188
Facsimile: 214.550.8185

Susan Baker Manning
 (lead counsel, *pro hac vice*)
susan.manning@bingham.com
John A. Polito (admitted to E.D. Tex.)
john.polito@bingham.com
Monica A. Hernandez (pro hac vice)
monica.hernandez@bingham.com
**BINGHAM McCUTCHEN LLP**
2020 K Street, NW
Washington, D.C. 20006-1806, U.S.A.
Telephone: 202.373.6000
Facsimile: 202.373.6001

Attorneys for Defendants BlackBerry Limited and BlackBerry Corporation


*/s/ Peter J. Chassman*
Peter J. Chassman
Texas Bar No. 00787233
Email: pchassman@winston.com
Phillip D. Price
Texas Bar No. 24060442
Email: pprice@winston.com
**Winston & Strawn LLP**
1111 Louisiana, 25th Floor
Houston, Texas 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

Kimball R. Anderson
lllinois Bar No. 00049980
Email: kanderson@winston.com
**Winston & Strawn LLP**
35 W. Wacker Drive
Chicago, lllinois 60601-9703
Telephone: (312) 558-5858
Facsimile: (312) 558-5700

Deron R. Dacus
Texas State Bar No. 00790553
Email: ddacus@dacusfirm.com
**The Dacus Firm, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone: (903) 705-1117
Facsimile: (903) 705-1117

COUNSEL FOR DEFENDANT,
**DELL INC.**

*/s/ Peter J. Wied*
Harry L. Gillam, Jr.
Texas State Bar No. 07921800
**GILLAM & SMITH, L.L.P.**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
gil@gillamsmithlaw.com

Terry D. Garnett
tgarnett@goodwinprocter.com
Peter J. Wied
pwied@goodwinprocter.com
**GOODWIN PROCTER LLP**
601 S Figueroa Street
41st Floor
Los Angeles, California 90017
Tel: 213.426.2500
Fax: 213.623.1673
Attorneys for Defendant
**HEWLETT-PACKARD COMPANY**

**CERTIFICATE OF SERVICE**

This is to certify that on May 20, 2014, all counsel of record were served with the foregoing document via electronic mail.

/s/ *Brian Craft*
Brian Craft

**CERTIFICATE OF CONFERENCE**

I certify that the parties have complied with the meet-and-confer requirements set forth in Local Rule CV-7(h). On May 15, 2014, counsel for Acer, Kevin Jones and Ken Fung, and counsel for Huawei, Scott Richey, on behalf of Defendants, telephonically met and conferred with counsel for Plaintiff, Justin Kimble, regarding the foregoing motion. Counsel gave each other the opportunity to express their respective views concerning the subject matter of the motion. The parties had a frank and meaningful discussion, comparing their views and the relative strengths of each position. Plaintiff takes the position that Defendants do not have good cause to amend their invalidity contentions. Defendants disagree for the reasons set forth in the motion. The parties' good faith discussions conclusively ended in an impasse, leaving an open issue for the Court to resolve.

/s/ *Kevin Jones*
Kevin Jones