IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **INNOVATIVE DISPLAY TECHNOLOGIES LLC,** | § § § | |
| Plaintiff, | § § | C.A. No. 2:13-cv-522 (Consolidated – Lead Case) |
| v. | § § | **JURY TRIAL DEMANDED** |
| **ACER INC. AND ACER AMERICA CORP.,** | § § § | |
| Defendants. | § § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**

Plaintiff Innovative Display Technologies LLC ("Plaintiff" or "IDT") hereby responds to Defendants Acer Inc., Acer America Corporation, Dell Inc., Hewlett-Packard Company, Huawei Investment and Holding Co., Ltd., Huawei Technologies Co., Ltd., Huawei Device USA Inc., BlackBerry Corporation, BlackBerry Limited, and Microsoft Corporation's (collectively, "Defendants") motion for leave to amend their P.R. 3-3 Invalidity Contentions pursuant to Federal Rule of Civil Procedure 16 and Local Patent Rule 3-6(b) ("Motion").

## I. SUMMARY OF ARGUMENT

Defendants' Motion should be denied because Defendants fail to even attempt to provide a reason why they could not have uncovered and disclosed the five publicly-available alleged prior art references at the time provided by the Docket Control Order. The undeniable fact is that Defendants could have, and simply did not. Further, Defendants do not describe how the proposed

amendment is important, but instead offer only the conclusory and self-serving argument that the references are supposedly "unique" and "stronger." Finally, IDT will be prejudiced if Defendants are allowed to add alleged prior art to the case nearly a year after the lawsuit was filed, three months after the Invalidity Contentions were due, and after the parties have submitted a Joint Claim Construction Statement. Having failed to establish good cause to amend their Invalidity Contentions, Defendants' Motion should be denied under the established law of this district.

## II.   BACKGROUND

IDT filed this lawsuit on June 28, 2013. On February 14, 2014, Defendants served their invalidity contentions, which include forty-seven (47) prior art references and sixty-nine (69) claim charts. On May 8, 2014, almost a year after the filing of this lawsuit and three months after service of its invalidity contentions, Defendants first contacted IDT about amending their invalidity contentions to add three U.S. Patents: 4,945,350 ("the '350 patent"); 5,394,255 ("the '255 patent"); and 5,592,332 ("the '332 patent").[1] On May 14, 2014, Defendants informed IDT that they intended to add a fourth reference to their contentions: JP5-196820.[2] Then on May 15, 2014, Defendants emailed Plaintiff again, indicating their desire to add a fifth prior art reference: JP6-242321.[3] On the same day, counsel for the parties met and conferred on the Motion, and IDT informed Defendants of its intent to oppose.[4] And on May 20, 2014, Defendants sent yet another email to inform Plaintiff that they no longer intended to add the '255 patent.[5] On the same day, Defendants filed the Motion, seeking leave to add to their invalidity contentions the '350 and '332 patents,

---

[1] Email from Kevin Jones, counsel for defendants Acer Inc. and Acer America Corp., sent May 8, 2014 (attached hereto as Exhibit A to the Declaration of Justin B. Kimble ("Kimble Dec.")).
[2] Email from Kevin Jones, sent May 14, 2014 (attached hereto as Exhibit B to the Kimble Dec.).
[3] Email from Kevin Jones, sent May 15, 2014 (attached hereto as Exhibit C to the Kimble Dec.).
[4] Kimble Dec at ¶ 5.
[5] Email from Ken Fung, counsel for defendants Acer Inc. and Acer America Corp., sent May 20, 2014 (attached hereto as Exhibit D to the Kimble Dec.).

JP5-196820, JP6-24231 (collectively, "the References"), and their five accompanying claim charts, which implicate four of the seven patents-in-suit and at least 22 of their claims.[6]

### III. ARGUMENTS AND AUTHORITY

Defendants' Motion requests leave to amend its contentions pursuant to P.R. 3-6(b). Patent Rule 3-6(b) states that a party may amend its infringement contentions "by order of the Court, which shall be entered only upon a showing of good cause." To determine whether good cause exists, this Court has considered four factors: (1) the explanation for the party's failure to meet the deadline; (2) the importance of the amendment; (3) potential prejudice from allowing the amendment; and (4) the availability of a continuance to cure such prejudice.[7] None of those factors weigh in favor of Defendants' Motion.

**A. Defendants offer no explanation for why they failed to meet the deadline to disclose these prior art references to IDT.**

Defendants make no direct explanation as to why they failed to disclose the References when their invalidity contentions were due. Instead, Defendants offer a section of their motion to explain that they acted diligently upon discovery the References.[8] Defendants' purported diligence after the deadline does not explain why they missed the deadline in the first place. Furthermore, Defendants' claim of diligence is suspect, considering they admit they discovered the '350 and '332 patents on April 9, a month before they first contacted IDT about amending.

---

[6] (*See* Motion (Dkt. 63), Exhibit C, chart for the '332 patent against the asserted '547 patent (affecting three claims (nos. 1, 2, and 4)); Motion, Exhibit D, chart for the '350 patent against the asserted '816 patent (affecting three claims (nos. 1, 3, and 4)); Motion, Exhibit E, chart for the '350 patent against the asserted '974 patent (affecting eight claims (nos. 1, 3, 4, 5, 7, 8, 9, and 13)); Motion, Exhibit F, chart for JP6-242321 against the asserted '660 patent (affecting eight claims (nos. 1, 3, 10, 16, 17, 25, 33, and 34)); Motion, Exhibit G, chart for JP5-196820 against the asserted '660 patent (affecting eight claims (nos. 1, 3, 10, 16, 17, 25, 33, and 34)).)

[7] *GeoTag, Inc. v. Frontier Commc'ns Corp.*, No. 2:10-CV-265, 2013 WL 2637141, at *1 (E.D. Tex. June 12, 2013) (Gilstrap, J.) (citing *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

[8] (Motion at pp. 4-5 (Section A, "Defendants Acted Diligently Upon Discovering the References").)

The only supposed explanation in Defendants' Motion for missing the deadline is the statement in their "Diligence" section that "[u]nder the Court's Docket Control Order (Dkt. No. 37), Defendants had under two months to search and review relevant art."[9] That argument is an insufficient explanation under this District's case law.[10] Furthermore, Defendants' explanation ignores the fact that almost eight months passed from the time IDT filed this lawsuit until the time that Defendants served their invalidity contentions. Defendants never explain why, during those eight months, the 28 named attorneys that submitted Defendants' Motion were unable to discover the four publicly available patents in question.

When a comparable amount of time elapsed between service of invalidity contentions and a similar motion for leave to amend, this Court denied the motion because the defendants did not adequately explain why they missed the deadline.[11] In *GeoTag*, the defendants served their invalidity contentions on August 17, 2012.[12] Three months later, the defendants moved for leave to supplement their invalidity contentions.[13] One of the defendants' counsel "had gone through some old boxes of books while cleaning out his garage and came across [an early AOL User Guide]," which became one of the references the defendants sought to add.[14] The defendants "thereafter searched for earlier versions of the AOL User Guide, as well as additional similar references relating to online Internet service providers," which became other references that the defendants sought to add.[15] Ultimately, this Court held,

---

[9] (Motion at p. 4.)
[10] *See Computer Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620, 625 (E.D. Tex. 2007) (holding that the "explanation" factor weighed against leave to amend, stating "[Defendant] provides no reason, other than its time constraint [seven weeks after service of infringement contentions], that would explain why it could not discover the '370 patent before its December 22, 2006 deadline.").
[11] *See GeoTag*, 2013 WL 2637141, *1.
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.*

> Defendants' only explanation for its untimely invalidity contentions is that counsel happened upon a reference while cleaning out his garage. Such happenstance discovery in these circumstances does not demonstrate the diligence necessary to support the late supplementation now requested. In the Court's view, to hold otherwise would render 'the explanation for the party's failure to meet the deadline' a nonfactor.[16]

Here, Defendants do not even have such a story of happenstance discovery in a garage. Defendants are attempting to amend their contentions to include patents that were publicly available for them to discover since the filing of this lawsuit. Defendants offer no legitimate explanation as to why those patents were not part of their invalidity contentions in the first place, and for that reason alone their motion should be denied.

### B. Defendants offer no details explaining why the amendment they seek is important.

Defendants' Motion alleges that "[i]t is critically important to Defendants' case that the new art be considered,"[17] but Defendants offer no concrete details to support that allegation. Instead, Defendants' Motion generally states that the References provide "unique grounds" and "stronger grounds" for invalidity.[18] But Defendants never demonstrate why the References allegedly contain "unique grounds" or "stronger grounds" for invalidity. Without any evidence to the contrary, the References should be considered merely cumulative of those in Defendants prior invalidity contentions, and Defendants' proposed amendment to add them should be considered unimportant.[19]

---

[16] *Id.*
[17] (Motion at p. 5.)
[18] (*Id.*)
[19] *See MacroSolve, Inc. v. Antenna Software, Inc.*, No. 6:11-CV-287, 2013 WL 3833079, *3 (E.D. Tex. July 23, 2013) (Love, M.J.) (in a discussion holding that defendants had failed to prove that prior art references were important, "GEICO fails to show the distinctive value of the recently discovered prior art references. In other words, GEICO does not show the seven references are not cumulative in light of the other 250 prior art references already asserted …").

### C. **IDT would be prejudiced by the amendment to include the References.**

Defendants incorrectly argue that IDT will not be prejudiced by an amendment to include the References. The Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases."[20] Adding the References would undermine this Court's mandate on full, timely discovery and thereby prejudice IDT.

Defendants primary argument is that IDT will not be prejudiced because "the new prior art references will have no impact on the parties' claim construction positions."[21] But, if the References are as important as Defendants suggest, the amendment will necessarily affect IDT's current claim constructions positions and potentially negate IDT's already considerable efforts in developing those positions.[22] After receiving Defendants' invalidity contentions, IDT spent significant time developing its litigation strategy to determine which claim terms need construction, what those constructions should be, and how important those constructions are to its case. After those determinations, IDT revealed its proposed terms, constructions, and evidence to Defendants pursuant to P.R. 4-1 through 4-3. IDT has already revealed its hand on claim construction pursuant to the Local Rules, and Defendants should not be allowed the benefit of hindsight to bring new art into this case. Defendants could have discovered the References within the reasonable time frame and sequence of disclosure set forth by this Court and its Local Rules.

---

[20] *Edward D. Ioli Trust v. Avigilon Corp.,* No. 2:10-CV-605-JRG, 2012 WL 5830711, at *3 (E.D. Tex. Nov. 16, 2012) (Gilstrap, J.) (citing *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F.Supp.2d 819, 821 (E.D. Tex. 2009)).
[21] (Motion at p. 6.)
[22] *See, e.g., MacroSolve*, 2013 WL 3833079, *5 (stating in its discussion that defendants failed to show no prejudice, "Having [plaintiff] contend with an additional seven references, which Defendants do not show to be noncumulative, would needlessly detract from time spent on claim construction as well as the already disclosed references."); *see also Computer Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620, 623 (E.D. Tex. 2007) ("The patent holder wants to know about every possible prior art reference that might invalidate its patent, so that it can carefully craft proposed definitions that make its patent coverage as broad as possible … without being so broad as to be invalidated by some prior art reference.").

Defendants' focus on claim construction-related prejudice ignores the other prejudice IDT would face by allowing amendment at this stage of the litigation. At this point, IDT has developed its case in reliance on Defendants' invalidity contentions. This includes IDT's strategic decisions to focus its efforts on certain patents of the patents-in-suit and certain claims of those patents. For those claims, IDT has spent substantial effort developing its positions on infringement, validity, and damages. An amendment at this stage, which would affect 22 claims across four asserted patents, could nullify IDT's prior efforts and require IDT to develop its case anew.

Defendants' only cited case law in its prejudice section is distinguishable from the facts here. To support their argument against prejudice to IDT, Defendants allege that their amendments occurred earlier than in the case of *Tyco Healthcare Grp. LP v. E-Z-EM, Inc.* No. 2:07-CV-262, 2010 WL 7853420 (E.D. Tex. Apr. 1, 2010).[23] But, in the opinion for the *Tyco* case, Judge Ward did not discuss the "prejudice" factor.[24] In fact, the *Tyco* case discusses <u>none</u> of the four factors at issue here, and the *Tyco* case only involved one prior art reference.[25]

Defendants also argue against prejudice because their amendments occurred earlier than in the case of *Alt v. Medtronic, Inc.*, No. 2:04-CV-370, 2006 WL 278868 (E.D. Tex. Feb. 1, 2006). The *Alt* case is inapplicable because it occurred during the time that this Court's Patent Rules called for both "Preliminary Invalidity Contentions" and "Final Contentions," and the defendant was seeking to add references in anticipation of serving its final contentions.[26] Furthermore, when the Court in *Alt* considered the prejudice factor, it noted that the plaintiff "chose to lay behind the

---

[23] (Motion at p. 5.)
[24] *Tyco*, 2010 WL 7853420, at *1.
[25] *Id.*
[26] *Alt*, 2006 WL 278868, at *1; *see also* E.D. Tex. Gen. Order 06–15 at 27–28 (Oct. 27, 2006) (changing "Preliminary Infringement Contentions" to "Infringement Contentions" and removing "Final Contentions" from the Patent Rules).

log" by failing to inform the defendant of plaintiff's objections to adding the new references.[27] In this case, IDT met and conferred with Defendants at the first available opportunity to inform Defendants of its objections.[28]

Additionally, more recent cases than *Tyco* and *Alt* suggest that Defendants' attempt to amend their contentions in this lawsuit only two months before the claim construction hearing is too late. In the *Macrosolve* case, the motion in that case was filed <u>five months</u> before the claim construction hearing, and the court found prejudice.[29] In *GeoTag*, this Court denied a motion to amend filed <u>three months</u> before the claim construction hearing.[30] In both of those more recent cases, the defendants filed their motions earlier than Defendants here, and their motions were nonetheless denied.

In their last argument against prejudice, Defendants state that they "have carefully selected the number of new references and also limited the number of Plaintiff [sic] patents for which these references are submitted" and that "[i]nclusion of only four references will not prejudice Plaintiff at this stage.[31] But IDT will face prejudice defending against the References regardless of whether Defendants were "careful" in their selection. IDT has already spent significant effort developing its case in reliance upon the disclosures provided by Defendants under this Court's Local Rules, and IDT has already revealed its claim construction positions and support to Defendants. Given those facts, allowing Defendants to amend their contentions at this time would necessarily prejudice IDT.

---

[27] *Alt*, 2006 WL 278868, at *5.
[28] *See* Kimble Dec. at ¶ 5.
[29] 2013 WL 3833079 (July 23, 2013), at *1-2, 5 (motion filed on April 16, 2013; claim construction hearing scheduled for September 26, 2013, prejudice found).
[30] 2013 WL 2637141 (June 12, 2013), at *1 (motion filed on Nov. 17, 2012, motion denied) and Dkt. No. 417 (showing *Markman* hearing occurring on Feb. 12, 2013).
[31] (Motion at p. 6.)

### D. A Continuance Would Not Alleviate the Prejudice to IDT.

Defendants' own failure to discover publicly available prior art patents during the eight months they had to prepare invalidity contentions is not a compelling reason to delay IDT's case. A continuance under those circumstances would only further prejudice IDT. IDT's opening claim construction brief is due on June 16, 2014, and the claim construction hearing is set for July 28, 2014. In *Macrosolve*, the court held that a continuance of similar deadlines would not alleviate the potential prejudice to plaintiff.[32] The holding in *Macrosolve* is even more applicable to this case, given that the claim construction hearing in this case is much closer than in *Macroslove.* In *Macrosolve*, five months separated the motion to amend from the claim construction hearing.[33] In this case, only two months separates the motion to amend and the *Markman* hearing.

## IV. CONCLUSION

IDT respectfully asks this Court to deny the Motion. Defendants have not adequately explained why they missed the deadline to include the References in their original invalidity contentions. Defendants have not explained why their amendment is important. To the extent the amendment is important, it will prejudice IDT commensurately with its alleged importance. And a continuance will exacerbate that prejudice, not alleviate it.

---

[32] *See* 2013 WL 3833079, *5 ("the Court is not persuaded that a continuance extending the deadlines prior to the claim construction hearing would alleviate the potential prejudice to [plaintiff] MacroSolve.").
[33] *Id.* at *1-2.

Dated: June 3, 2014 Respectfully submitted,

*/s/ T. William Kennedy*
Jeffrey R. Bragalone (lead attorney)
Texas Bar No. 02855775
Patrick J. Conroy
Texas Bar No. 24012448
Justin B. Kimble
Texas Bar No. 24036909
T. William Kennedy, Jr.
Texas Bar No. 24055771
Daniel F. Olejko
Pennsylvania Bar No. 205512
**Bragalone Conroy PC**
2200 Ross Avenue
Suite 4500W
Dallas, TX 75201
Tel: (214) 785-6670
Fax: (214) 785-6680
jbragalone@bcpc-law.com
pconroy@bcpc-law.com
jkimble@bcpc-law.com
bkennedy@bcpc-law.com
dolejko@bcpc-law.com

T. John Ward Jr.
Texas Bar No. 00794818
Claire Abernathy Henry
Texas Bar No. 24053063
**Ward & Smith Law Firm**
1127 Judson Road, Suite 220
Longview, TX 75601
Tel: (903) 757-6400
Fax: (903) 757.2323
jw@wsfirm.com
claire@wsfirm.com

Attorneys for Plaintiff
**INNOVATIVE DISPLAY TECHNOLOGIES LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 3rd day of June, 2014, with a copy of this document via electronic mail pursuant to Local Rule CV-5(d).

*/s/ T. William Kennedy*