UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| INNOVATIVE DISPLAY TECHNOLOGIES LLC, <br><br> Plaintiff, <br><br> v. <br><br> ACER INC., ET AL., <br><br> Defendants. | § <br> § Civil Action No. 2:13-CV-00522-JRG <br> § **LEAD CASE**[1] <br> § <br> § <br> § JURY TRIAL DEMANDED <br> § <br> § <br> § |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS

Defendants respectfully submit that they have met their burden of showing that good cause exists to amend their P.R. 3-3 Invalidity Contentions to add the four references identified in their Motion For Leave To Amend Invalidity Contentions ("Motion"). (Dkt. No. 63). When considered as a whole, the four relevant factors – the explanation for why the deadline was not met, the importance of the references, potential prejudice to Plaintiff, and the availability of a continuance to cure such prejudice – weigh in favor of allowing amendment.[2] *See Mondis Tech. Ltd., v. LG Elecs., Inc.*, Nos. 2:07–cv–565–TJW–CE, 2:08–cv–478–TJW, 2011 WL 2149925, at *1 (E.D. Tex. May 5, 2011) (*citing Arbitron, Inc. v. Int'l Demographics, Inc.*, No. 2:06-cv-434, 2009 WL 166555, at *1 (E.D. Tex. Jan. 16, 2009)). Plaintiff's argument in opposition boils down to little more than the unreasonable view that prior art discovered after service of invalidity contentions should be categorically excluded. That is not the law. Furthermore, the Plaintiff has offered no argument or evidence to show that it would be harmed by the amendment Defendants seek.

---

[1] The following cases have been consolidated for pre-trial purposes: Case Nos. 2:13-cv-00522-JRG, 2:13-cv-00523-RSP, 2:13-cv-00524-JRG, 2:13-cv-00525-JRG, 2:13-cv-00526-JRG, and 2:13-cv-00783-JRG

[2] To be clear, Defendants contend that no alteration of the schedule is necessary.

1

**I.      Defendants Were Diligent In Preparing Invalidity Contentions And In Seeking Amendment**

As set forth in their motion, Defendants expended substantial time and resources searching for prior art and preparing the Invalidity Contentions, but, even after exercising due diligence, were unable to identify the four prior art references at issue until after serving their contentions.  *See* Motion at 4-5.  P.R. 3-6 envisions amendment in cases such as this, where a defendant acts promptly upon learning of the new references and satisfies the other three factors. Plaintiff's argument that Defendants offered no explanation, Opposition at 3 (Dkt. No. 65), distorts the facts.

Only one week passed between the time the two new foreign-language references were identified and the time this motion was filed, during which time Defendants translated, analyzed, and charted these references. *See* Motion at 3.  As to the two U.S. references, only one month elapsed between discovery of the references and when Defendants first contacted Plaintiff.  *Id.* That was a reasonable period of time for six Defendants in these consolidated cases (for pretrial) to analyze these references in relation to the seven patents-in-suit and to coordinate regarding their outreach to Plaintiff.

Plaintiff's reliance on *Computer Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620 (E.D. Tex. 2007) in order to support its argument that Defendants' conduct precludes amendment is misplaced.   First, the Court in *Computer Acceleration* granted defendant Microsoft's motion for leave to amend its invalidity contentions.  *Id.* at 627.  Furthermore, in *Computer Acceleration*, the art that Microsoft sought leave to add was Microsoft's own patent. *Id.* at 625.  Here, the prior art at issue are not patents owned or assigned to any of the Defendants.  Thus, *Computer Acceleration* provides no support to Plaintiff.  Simply citing dicta

out of context does not change fact that the Defendants' here, like Microsoft in *Computer Acceleration,* have shown good cause for the amendment.

Furthermore, Plaintiff suggests that only art that comes by way of "happenstance" should be allowed in amendments and that "publicly available" patents do not meet the requirements for amendment. *See* Opposition at 5. *GeoTag, Inc. v. Frontier Commc'ns Corp., et* al., No 2:10-cv-265, 2013 WL 2637141 (E.D. Tex. Jun. 11, 2013), cited by Plaintiff, involved substantially different facts from those here, and does not establish a blanket rule limiting amendment except in circumstances that would hardly, if ever, arise. The reference at issue in *GeoTag*, an AOL guide, was in the physical possession of one of the defendant's counsel, specifically, in his garage. *Id.* at *1. Unlike the present situation, the AOL guide at issue in *GeoTag* was a guide for "what might well be described as the largest and most popular internet systems," *id.* at *1, a reference that should have been readily known to defendants with little or no investigation. According to Plaintiff's reasoning, defendants would virtually never be allowed to amend Invalidity Contentions. This is not the result envisioned by local rules, and is contrary to the four-factor test applied in this district.

## II. Plaintiff's Argument That The New Prior Art References Are "Cumulative" Is Baseless

Defendants have offered their proposed claim charts for the four references in good faith in order to plainly show that they are not merely "cumulative" as Plaintiff would suggest. Instead of analyzing these claim charts and explaining to Defendants and this Court why these references are "cumulative," Plaintiff merely asserts that Defendants have not done enough to show why the references contain unique and stronger grounds for invalidity. The proposed claim charts belie that assertion. By its nature, Plaintiff's very opposition to this Motion signals that Plaintiff, in fact, does not regard the references as cumulative.

3

Moreover, Plaintiff's reliance on *MacroSolve, Inc. v. Antenna Software, Inc.*, Nos. 6:11-cv-287-MHS-JDL, 6:12-cv-74-MHS-JDL, 2013 WL 3833079 (E.D. Tex. Jul. 23, 2013), is misplaced. The *MacroSolve* defendants sought to add seven references to an enormous existing pool of 250 references, in a case involving only one asserted patent. In this seven patent case, Defendants originally narrowed down the number of prior art references to only 47. Now, again, Defendants have culled down a much larger set of prior art references to just the four that are subject to their Motion and have prepared particularized claim charts to only select patents-in-suit, rather than blindly charting every prior art reference that has ever been identified against every asserted claim in each of the seven patents.

### III.   Plaintiff Cannot Credibly Argue It Would Be Prejudiced By The Inclusion Of The Four References At This Early Stage Of The Case

Allowing amendment of Defendants' invalidity contentions would not prejudice the Plaintiff. Over four months remain in discovery. No depositions have occurred, and neither party has served an expert report. In addition, the sole named inventor on the patents-in-suit (who is represented by Plaintiff's counsel) has not yet produced even a single document. This case is early enough that the addition of the four references would not prejudice Plaintiff.

Nor would Plaintiff's efforts with respect to claim construction be rendered moot. The parties have not exchanged claim construction briefs.[3] Even if the parties were further along in claim construction, Plaintiff misstates the role and purpose of claim construction. "[T]he role of 'claim construction' is to describe the claim scope as it was intended when examined and obtained by the applicant, not as it might have been limited upon a different record of prosecution and prior art." *Karsten Mfg. Corp. v. Cleveland Golf Co.*, 242 F.3d 1376, 1384 (Fed.

---

[3] Plaintiff's opening claim construction brief is to be served on June 16, three days after this reply brief is due, but nearly a month after Defendants' opening motion.

4

Cir. 2001). Indeed, claim construction is a matter of law. *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996), *aff'g* 52 F.3d 967 (1995) (en banc). Plaintiff's suggestion that its claim construction efforts are so dependent on Defendants' Invalidity Contentions defies common sense. Nothing in Defendants' prior art should impact Plaintiff's position on how claim terms should be construed. Moreover, Plaintiff's argument is purely hypothetical – it has not identified or argued that even one additional claim term would need to be construed if Defendants are permitted to make the limited amendment to their invalidity contentions that they now seek.

Plaintiff's argument that the addition of four prior art references to the case would somehow "nullify IDT's prior efforts and require IDT to develop its case anew," Opposition at 7, is baseless exaggeration. Plaintiff should have developed its case before filing complaints, not in response to receiving invalidity contentions. Again, this argument suggests that amendments should always be denied, regardless of the stage in the litigation or the scope of the amendments. It also misapplies P.R. 3-6 and the four factor test which courts have applied in granting amendments in situations no more favorable to Defendants than this. *See* Motion at 3-4.

**IV.     A Continuance Would Not Be Necessary But Would Be Available**

Plaintiff raises a red herring argument that a continuance due to the upcoming claim construction deadlines would not alleviate the prejudice to Plaintiff. *See* Opposition at 9. As stated above, an amendment of Defendants' Invalidity Contentions would not, and should not, affect claim construction. Nevertheless, Defendants would not oppose a continuance of claim construction and other deadlines, if the Court were to conclude that a continuance would be appropriate.

## V. Conclusion

For the reasons set forth in their Motion, as further explained above, Defendants respectfully ask the Court to conclude that good cause exists to amend their P.R. 3-3 Invalidity Contentions to add the four references identified in the Motion.

Dated:  June 13, 2014

FINDLAY CRAFT P.C.

By: */s/ Brian Craft*
    Eric Hugh Findlay
    Roger Brian Craft
    102 North College Avenue, Suite 900
    Tyler, TX 75702
    Tel: (903) 534-1100
    Fax: (903) 534-1137
    Email: efindlay@findlaycraft.com
    Email: bcraft@findlaycraft.com

TECHKNOWLEDGE LAW GROUP LLP
    Hsiang ("James") Lin
    Kevin Jones
    Michael C. Ting
    Ken K. Fung
    100 Marine Parkway, Suite 200
    Redwood Shores, CA 94065
    Tel: (650) 517-5200
    Email: jlin@tklg-llp.com
    Email: kjones@tklg-llp.com
    Email: mting@tklg-llp.com
    Email: kfung@tklg-llp.com

Attorneys for Defendants **ACER INC. and ACER AMERICA**

*/s/Timothy C. Bickham*

**Timothy C. Bickham**
tbickham@steptoe.com
(*pro hac vice pending*)
**Scott M. Richey**
srichey@steptoe.com
(*pro hac vice pending*)
**STEPTOE & JOHNSON LLP**

    1330 Connecticut Avenue, NW
    Washington DC 20036
    (202) 429-5517
    (202) 429-3902 (fax)

**Jeffrey J. Cox**
jcox@hdbdlaw.com
State Bar No. 04947530
**Sean N. Hsu**
shsu@hdbdlaw.com
State Bar No. 24056952
**HARTLINE DACUS BARGER DREYER LLP**
6688 North Central Expressway, Suite 1000
Dallas, Texas 75206
(214) 369-2100
(214) 369-2118 (fax)

**ATTORNEYS FOR DEFENDANTS HUAWEI DEVICE USA INC., HUAWEI TECHNOLOGIES CO., LTD., AND HUAWEI INVESTMENT AND HOLDING CO. LTD.**


*/s/ Richard A. Cederoth*
Harry L. Gillam, Jr.
Texas State Bar No. 07921800
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
gil@gillamsmithlaw.com

David T. Pritikin
dpritikin@sidley.com
Richard A. Cederoth
rcederoth@sidley.com
Douglas I. Lewis
dilewis@sidley.com
Ellen S. Robbins
erobbins@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois  60603
Telephone:  312-853-7000

7

Facsimile: 312-853-7036

Nabeel U. Khan
Texas State Bar No. 24074530
nkhan@sidley.com
SIDLEY AUSTIN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: 214-981-3300
Facsimile: 214-981-3400

ATTORNEYS FOR DEFENDANT
MICROSOFT CORPORATION


/s/ *Susan Baker Manning*
E. Leon Carter (Texas Bar No. 03914300)
lcarter@carterscholer.com
John S. Torkelson (Texas Bar No. 00795154)
jtorkelson@carterscholer.com
Joshua Bennett (Texas Bar No. 24059444)
jbennett@carterscholer.com
**CARTER SCHOLER ARNETT HAMADA & MOCKLER, PLLC**
8150 N. Central Expressway, Suite 1950
Dallas, Texas 75206
Telephone: 214.550.8188
Facsimile: 214.550.8185

Susan Baker Manning
 (lead counsel, *pro hac vice*)
susan.manning@bingham.com
John A. Polito (admitted to E.D. Tex.)
john.polito@bingham.com
Monica A. Hernandez (pro hac vice)
monica.hernandez@bingham.com
**BINGHAM McCUTCHEN LLP**
2020 K Street, NW
Washington, D.C. 20006-1806, U.S.A.
Telephone: 202.373.6000
Facsimile: 202.373.6001

Attorneys for Defendants BlackBerry Limited and BlackBerry Corporation

8

*/s/ Peter J. Chassman*
Peter J. Chassman
Texas Bar No. 00787233
Email: pchassman@winston.com
Phillip D. Price
Texas Bar No. 24060442
Email: pprice@winston.com
**Winston & Strawn LLP**
1111 Louisiana, 25th Floor
Houston, Texas 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

Kimball R. Anderson
lllinois Bar No. 00049980
Email: kanderson@winston.com
**Winston & Strawn LLP**
35 W. Wacker Drive
Chicago, lllinois 60601-9703
Telephone: (312) 558-5858
Facsimile: (312) 558-5700

Deron R. Dacus
Texas State Bar No. 00790553
Email: ddacus@dacusfirm.com
**The Dacus Firm, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone: (903) 705-1117
Facsimile: (903) 705-1117

COUNSEL FOR DEFENDANT,
**DELL INC.**

*/s/ Peter J. Wied*
Harry L. Gillam, Jr.
Texas State Bar No. 07921800
**GILLAM & SMITH, L.L.P.**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
gil@gillamsmithlaw.com

9

                Terry D. Garnett
                tgarnett@goodwinprocter.com
                Peter J. Wied
                pwied@goodwinprocter.com
                **GOODWIN PROCTER LLP**
                601 S Figueroa Street
                41st Floor
                Los Angeles, California 90017
                Tel: 213.426.2500
                Fax: 213.623.1673
                Attorneys for Defendant
                **HEWLETT-PACKARD COMPANY**

## **CERTIFICATE OF SERVICE**

This is to certify that on June 13, 2014, all counsel of record were served with the foregoing document *via* electronic mail.

                /s/ *Brian Craft*
                Brian Craft