IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| INNOVATIVE DISPLAY TECHNOLOGIES LLC | § § § § | |
| *Plaintiff*, | § § | Civil Action No. 2:13-cv-00522-JRG |
| v. | § § | LEAD CASE |
| ACER INC. ET AL., | § § § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants Acer Inc., Acer America Corporation, Dell Inc., Hewlett-Packard Company, Huawei Investment and Holding Co., Ltd., Huawei Technologies Co., Ltd., Huawei Device USA Inc., BlackBerry Corporation, BlackBerry Limited, and Microsoft Corporation's (collectively, "Defendants") Motion for Leave to Amend Invalidity Contentions (Dkt. No. 63). Having considered the parties' written submissions, the Court **DENIES** the motion.

A party's invalidity contentions are deemed to be the party's final invalidity contentions unless amendment or supplementation is permitted by the Local Patent Rules. P.R. 3-6. In limited circumstances, amendment of invalidity contentions is permitted as of right. P.R. 3-6(a). Otherwise, amendment "may be made only by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). When determining whether a party has demonstrated good cause, the Court considers: (1) the explanation for the party's failure to meet the deadline; (2)

1

the importance of the amendment; (3) potential prejudice from allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S & W Enters., L.L.C. v. SouthTrust Bank of Alabama*, NA, 315 F.3d 533, 536 (5th Cir. 2003).

Defendants served their original Invalidity Contentions on February 14, 2014 pursuant to Local Patent Rule 3-3. By the instant motion, Defendants seek leave to amend the Invalidity Contentions by adding four new references – U.S. Patent No. 4,945,350, U.S. Patent No. 5,592,332, Japanese Patent Application JP H05- 196820A, and Japanese Patent Application JP H06-242321. Defendants allege that "[d]espite exhaustive efforts to locate prior art" in preparing their original Invalidity Contentions, they only identified the two new U.S. references within the one and half months prior to this motion, and the two Japanese references within the week prior to this motion. Defendants further allege that they have "analyzed these references, obtained translations of the two Japanese references, notified Plaintiff of their intention to amend their Invalidity Contentions, and prepared and filed this motion" – all in the course of one and a half months. Defendants argue that such demonstrates their "diligence in bringing this new art to the attention of Plaintiff and the Court."

While Defendants have acted promptly in bringing these new arts to the attention of Plaintiff and the Court, they have failed to explain why, with reasonable diligence, they could not have discovered such arts prior to the deadline for filing Invalidity Contentions. Defendants' only explanation is that, in their attempt to identify prior arts "across multiple countries in Asia, Europe and the United States," they "recognized the possibility that new art may be identified and therefore included in its Invalidity Contentions a reservation of rights to supplement its Invalidity Contentions." However, Defendants' unilateral "reservation of rights," buried in the Invalidity Contentions which they never filed with the Court, cannot trump the requirements under Local

Patent Rules P.R. 3-6 and the Court's Docket Control Order. That it took Defendants more time beyond the original deadline to find these new arts, in and of itself, is no excuse for a late supplementation. To hold otherwise would "render the explanation for the party's failure to meet the deadline a non-factor." (*See* Memorandum Opinion and Order at 6, Geotag v. Frontier Commc'n Corp. et al., No. 2:10-cv-00265 (E.D. Tex. June 12, 2013), ECF No. 669.)

Further, Defendants have failed to demonstrate the importance of the amendment. Defendants argue – in conclusory fashion – that it is "critically important" that the new art be considered and that these arts provide "a unique ground" for both anticipation and obviousness. However, the Court cannot determine the importance of the amendment based solely on zealous argument. Nor can the Court make such determination based on the 40-page Amended Invalidity Contentions and the 280-page claim charts that Defendants have attached to this motion. Nowhere in their motion did Defendants explain even the subject matter of the four new arts, much less how these arts, if supplemented to the original Infringement Contentions, would render a particular patent invalid. In short, Defendants have wholly failed to persuade the Court of the importance of the amendment.

Finally, contrary to Defendants' argument, Plaintiff would be prejudiced by the Amended Invalidity Contentions. Defendants sought leave to amend the invalidity contentions on May 20, 2014, about two months before the scheduled Claim Construction Hearing on July 28, 2014, and after the parties have submitted their Joint Claim Construction and Prehearing Statement. Although the Court does not base its claim construction on invalidity contentions, the parties' claim construction positions as a practical matter would be influenced by the scope and combination of the specific prior arts disclosed in invalidity contentions. Allowing Defendants to amend the invalidity contentions so close to the Claim Construction Hearing, and after the parties

have largely formulated their respective positions, would force Plaintiff to spend more time and resources in modifying its existing construction.  Given that Defendants have failed to explain their failure to meet the deadline or the importance of the new arts, on balance, the Court finds it improper to impose such additional burden on Plaintiff.

For the reasons stated above, the Court hereby **DENIES** Defendants' Motion for Leave to Amend Invalidity Contentions (Dkt. No. 63).

**So Ordered and Signed on this**

**Jun 19, 2014**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

have largely formulated their respective positions, would force Plaintiff to spend more time and resources in modifying its existing construction.  Given that Defendants have failed to explain their failure to meet the deadline or the importance of the new arts, on balance, the Court finds it improper to impose such additional burden on Plaintiff.

For the reasons stated above, the Court hereby **DENIES** Defendants' Motion for Leave to Amend Invalidity Contentions (Dkt. No. 63).

**So Ordered and Signed on this**

**Jun 19, 2014**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE