**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| INNOVATIVE DISPLAY TECHNOLOGIES LLC | § § § | |
| *Plaintiff,* | § § | Civil Action No. 2:13-cv-00522-JRG |
| v. | § § | LEAD CASE |
| ACER INC. ET AL., | § § | |
| *Defendants.* | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendants Acer Inc., Acer America Corporation, Dell Inc.,

Hewlett-Packard Company, Huawei Investment and Holding Co., Ltd., Huawei Technologies Co.,

Ltd., Huawei Device USA Inc., BlackBerry Corporation, BlackBerry Limited, and Microsoft

Corporation's (collectively, "Defendants") Motion to Strike Expert Declaration in support of

Plaintiff's Claim Construction Brief. (*See* Dkt. No. 72.) Having considered the parties' written

submissions, the Court **GRANTS** the motion.

On May 5, 2014, Plaintiff and Defendants filed their Patent Rule 4-3 Joint Claim

Construction and Prehearing Statement. (Dkt. No. 61.) Neither side identified any experts, any

claim terms for which expert testimony would be offered, or indicated that it intended to rely on a

sworn expert declaration. Under the subject of expert opinion, Plaintiff stated that it did not

intend to call any expert at the claim construction hearing but reserved the right to call a rebuttal

expert if Defendants provided one. (*See* Dkt. No. 61 at 89.) On June 16, 2014, Plaintiff filed its

Opening Claim Construction Brief, attaching, however, an expert declaration to the brief. (*See* Dkt. No. 69-2.) Mr. Werner, the expert, made his declaration solely regarding the issue of indefiniteness. (*See id.*) Neither the identity of Mr. Werner nor the subject of his declaration had been disclosed to Defendants before the filing of Plaintiff's opening claim construction brief. On June 20, 2014, during the parties' meet-and-confer of the instant motion, Plaintiff suggested that Defendants should file their own declaration rather than moving to strike that of Plaintiff's. On June 24, 2014, Defendants moved to strike Mr. Werner's declaration. Defendants subsequently filed their Responsive Claim Construction Brief without the support of an expert declaration on June 30, 2014. (*See* Dkt. No. 75.)

Plaintiff does not dispute that, under Patent Rule 4-3 and this Court's precedent, a party who intends to rely on a sworn expert declaration must "clearly indicate" in the joint claim construction statement that "it intends to rely on a sworn declaration; identify the declarant; and identify the precise disputed claim terms which will be addressed thereby." (Memorandum Opinion and Order, Lodsys v. Brother Int'l Co., et al., No. 2:11-cv-0090 (E.D. Tex. Mar. 12, 2013), ECF No. 573.) The party's failure to comply with such disclosure requirement precludes it from later relying on any sworn declaration in its claim construction brief. *Id.* Further undisputed here is that Plaintiff has failed to satisfy this disclosure requirement under Patent Rule 4-3. Neither the identity of Mr. Werner nor the subject of his declaration had been disclosed to Defendants before the filing of Plaintiff's opening claim construction brief. Plaintiff argues that this Court should nonetheless allow the addition of Mr. Werner's declaration because issuance of the recent Supreme Court *Nautilus* decision constitutes a "special circumstance" justifying such addition. *See Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2122 (2014).

The parties dispute from the outset whether or not *Nautilus* has substantially changed the

way patent litigants are to present their indefiniteness argument to the court. Specifically, whether *Nautilus* makes it necessary for a party to rely on expert witnesses in proving indefiniteness. The Court, however, need not resolve such dispute at this time. It suffices to note that the burden to prove indefiniteness lies with the party challenging the validity of the patent, in this case, the Defendants. Here, Defendants have elected not to rely on expert witnesses on this issue. Indeed, in its response to the instant motion, Plaintiff repeatedly admitted that Mr. Werner's declaration is "neither necessary nor required from [Plaintiff]," and that it "may not be as useful to the Court…as [Plaintiff] had anticipated." (*See, e.g.*, Dkt. No. 80 at 7.) Therefore, Plaintiff's purported justification for this Court to overlook its own precedent and allow Mr. Werner's declaration is unpersuasive.

Moreover, *Nautilus* came out on June 2, 2014, two weeks before Plaintiff filed its opening claim construction brief. During those two weeks, Plaintiff could have sought leave from the Court to submit an expert declaration or at least informed Defendants of its intention to rely on such declaration. Plaintiff did neither. Instead, it chose to remain silent for two weeks while working on its expert declaration, and only reveal, for the first time, such additional evidence in its opening claim construction brief. While Plaintiff did eventually offer Defendants an opportunity to attach their own expert declaration, such offer came in the middle of the two weeks that Defendants needed to prepare their responsive claim construction brief. Even assuming that *Nautilus* had provided Plaintiff a reason to submit an additional expert declaration, given the complete lack of prior disclosure on Plaintiff's side (and its failure to offer a remedial measure in good faith) the Court finds that Defendants will be unduly prejudiced if the Court allows Plaintiff to rely on Mr. Werner's declaration. This is especially so in light of the impending Claim Construction hearing scheduled on July 28, 2014.

For the reasons stated above, the Court hereby **GRANTS** Defendants' Motion to Strike Expert Declaration in Support of Plaintiff's Claim Construction Brief (Dkt. No. 72.)   Mr. Werner's declaration is hereby **STRICKEN** from the record.   (Dkt. No. 69-2.)

**So ORDERED and SIGNED this 11th day of July, 2014.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE