# EXHIBIT 1

October 20, 2014

**MAYER·BROWN**

Mayer Brown LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101

Main Tel +1 202 263 3000
Main Fax +1 202 263 3300
www.mayerbrown.com

<u>VIA ELECTRONIC COURT FILING (ECF)</u>

The Honorable Rodney Gilstrap
District Judge for the Eastern District of Texas - Marshall Division
Sam B. Hall Jr. Federal Building and United States Courthouse
101 East Houston Street
Marshall, Texas 75670

**Jamie B. Beaber**
Direct Tel +1 202 263 3153
Direct Fax +1 202 263 5209
jbeaber@mayerbrown.com

Re: Request for Leave to File Motion for Summary Judgment of Non-Infringement for Products and Asserted Claims Lacking Claim Charts to Pursuant P.R. 3-1(c) in *Innovative Display Technologies, LLC v. Acer Inc., et al.*, Case No. 2:13-CV-00522-JRG[1]

Dear Judge Gilstrap:

Defendant Dell Inc. ("Dell") respectfully requests permission to file a motion for summary judgment that certain accused products do not infringe those asserted claims for which Plaintiff Innovative Display Technologies, LLC ("IDT") failed to provide infringement contentions that comply with P.R. 3-1(c). Because of Plaintiff IDT's failure, it cannot now introduce new and previously undisclosed allegations against numerous Dell products, and therefore cannot show infringement against those products. It is therefore appropriate to dispose of IDT's infringement allegations against those products for which IDT has not complied with its P.R. 3-1(c) obligations. *See, e.g.*, *Rambus Inc. v. Hynix Semiconductor Inc.*, Case Nos. C-05-00334 RMW, C-05-02298 RMW, C-06-00244 RMW, 2008 WL 5411564 at *3 (N.D. Cal., Dec. 29, 2008).

## I. BACKGROUND

P.R. 3.1(c) requires Plaintiff to provide a "chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality."

On December 20, 2013, Plaintiff IDT served its infringement contentions against Dell. (Plaintiff's Disclosure of Asserted Claims and Infringement Contentions and Accompanying Document Production). IDT's infringement contentions accuse over 300 products, including laptops, desktops, monitors, tablets, and printers. However, IDT provides infringement claim charts for only 9 of the accused products, failing to disclose how any of the remaining hundreds of products infringe the asserted claims. The only products charted by IDT are:

- Dell Latitude E5430 Laptop
- Dell Inspiron 13z Laptop
- Dell Inspiron i15RV-6190BLK Laptop
- Dell Inspiron I17RSE-3589BK Laptop
- Dell XPS 15 Laptop

---

[1] Case no. 2:13-cv-523-JRG and case no. 2:13-cv-524-JRG have been consolidated into this lead case.

The Honorable Rodney Gilstrap
October 20, 2014

- Dell S2240 M Monitor
- Dell S2340M Monitor
- Dell Streak 7 Tablet
- Dell V525W Printer

Although *some* uncharted products are in the same product line as charted IDT products, IDT has provided no evidence to suggest that the charted products are representative of the vast variety of models in a given product line.  For example, IDT accuses well over 60 different models in the Dell Inspiron product line, which can vary widely in size and specification.  *See, e.g.*, http://www.dell.com/us/dfh/p/inspiron-laptops (showing wide variety of Inspiron products with differences in their technical specifications, including: screen sizes of 11.6", 13.3", 14", 15.6", and 17.3"; some with touch screens, others without; etc.).  Yet IDT provided claim charts – i.e., an explanation of how IDT believes the products infringe – for only for three specific Dell Inspiron products.  Similarly, IDT accuses over 35 different models in the Dell Latitude product line, but has provided claim charts for only a single Dell Latitude laptop.  In the contentions, IDT provided no explanation of the charted products or exemplary or representative of the uncharted products, nor even a statement making such a representation.

Moreover, many of the uncharted products IDT accuses are not only different models from the products charted by IDT, they are also completely different products in different product lines.  For example, IDT has accused but has failed to chart any products within the following product lines:

- Dell Precision laptops
- Dell Studio laptops
- Dell Vostro laptops
- Dell Wyse laptops
- Dell UltraSharp monitors
- Dell Monitor Arm Bundle
- Dell Venue tablets

In addition to failing to provide charts pursuant to P.R. 3-1(c) for a vast majority of the accused products, the charts that IDT did provide are substantively deficient.  For instance, IDT failed to chart claims 1, 4, 5, and 6 of the '194 against three of the products above (Dell E5430 and Inspiron 13z); and IDT failed to chart claim 28 of the '194 Patent against eight of these products (Dell E5430, S2240M, Inspiron 13z, Inspiron I17RSE-3589BK, S2340M, Streak 7, and V525W).  Yet, IDT maintains that these products infringe the asserted claims for which IDT did not provide claim charts.

IDT's omissions are material.  Understanding IDT's infringement positions, and developing Dell's own noninfringement positions, for each uncharted product would necessitate acquiring a sample of the product, tearing down the product, and conducting an in-depth analysis of the product.  It is unreasonable to allow IDT to conduct this analysis for only 9 products, which requiring Dell to conduct the same analysis for over 300 products.

In a letter dated, August 5, 2014, IDT acknowledged there were deficiencies in its charts, and stated that "IDT is willing to provide additional charting for the accused products that do not

The Honorable Rodney Gilstrap
October 20, 2014

have charts explicitly associated with them." In the same letter, IDT stated that it subpoenaed third-parties to obtain additional technical documents from suppliers for purposes of amending the infringement contentions. However, IDT never amended its infringement contentions. It is IDT's burden to prove infringement for the accused products. It has failed to do so and Dell should be entitled to summary judgment.

## II. SUMMARY OF ARGUMENTS

Summary judgment should be granted "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In order to avoid summary judgment, a non-movant that bears the burden of proof at trial must "make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for the jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

Here, the issue is ripe for summary judgment because there are no facts in dispute. For each infringement allegation, for each product accused of infringing a particular asserted claim, it is easy to determine (and indisputable) whether IDT provided a claim chart or not. In other words, there is no genuine dispute that IDT has not provided a claim chart for the vast majority of accused products, and for many of the accused product lines.

IDT also cannot provide good cause to amend or supplement its infringement contentions at this point in time. In particular, IDT can provide no legitimate reason for why it has not provided claim charts for the remaining accused products. IDT does not argue that the uncharted products are not publicly available. Had IDT chosen to do so, it could have provided claim charts for *all* of the remaining products, just as it did for the nine products that it did chart. As another district court stated with regard to a party's failure to provide adequate claim charts in response to the local patent rules:

> The Rule requires the party claiming infringement to produce a chart 'identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality.' There is no exception in the Rule for parties who do not want to spend the time and resources necessary to identify specifically where each limitation is found.

*Shared Memory Graphics LLC v. Apple Inc.*, Case No. No. C–10–02475 MMC, 2011 WL 3878388, at *5 (N.D. Cal. Sept. 2, 2011).[2]

Therefore, the only question remaining is whether IDT's failure to disclose its infringement theories against the vast majority of accused products – i.e., IDT's failure to comply with the patent local rules – is adequate, as a matter of law, to sustain its infringement allegations against

---

[2] Courts in the Eastern District of Texas have considered interpretations of similar local patent rules by the Northern District of California as persuasive authority. *See Nike, Inc. v. Adidas Am., Inc.*, 479 F. Supp. 2d 664, 667 n.3 (E. D. Tex. 2007)

3

The Honorable Rodney Gilstrap
October 20, 2014

those products.

As its contentions stand, IDT has not fulfilled its P.R. 3-1(c) obligation with respect to the uncharted products and has not provided a basis for why any of these uncharted products infringe any asserted claims. Thus, IDT cannot carry its burden of coming forward with sufficient evidence for a jury to find that these uncharted products infringe any asserted claims. Accordingly Dell is entitled to summary judgment that the uncharted products do not infringe any asserted claim of the asserted patents. *See, e.g.*, *Rambus Inc. v. Hynix Semiconductor Inc.*, Case Nos. C-05-00334 RMW, C-05-02298 RMW, C-06-00244 RMW, 2008 WL 5411564 at *3 (N.D. Cal., Dec. 29, 2008).

For the foregoing reasons, Defendant Dell respectfully requests permission to file a motion for summary judgment for non-infringement as to any products and claims not charted by IDT pursuant to P.R. 3-1(c).

Respectfully submitted,


*/s/ Jamie B. Beaber*
Jamie B. Beaber

cc:   Counsel of Record