IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| INNOVATIVE DISPLAY TECHNOLOGIES LLC,<br><br>     Plaintiff,<br><br>v.<br><br>ACER INC., et al.,<br>     Defendants. | Civil Action No. 2:13-cv-522-JRG<br>(CONSOLIDATED - Lead Case)<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' SUR-REPLY IN OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE AMENDED INVALIDITY CONTENTIONS**

Like its opening brief, IDT offers no substantive discussion of the Court's constructions in its reply brief and continues to offer nothing more than conclusory statements that the Court's constructions were not "unexpected." IDT also mischaracterizes Defendants' arguments and makes certain misleading statements, continuing to rely on distinguishable case law. Defendants respectfully submit this sur-reply to address IDT's misleading statements and mischaracterizations.

  A.  **IDT's Misleading Statements Regarding *Alexsam***

IDT's characterization of the *Alexsam* case is incorrect and misleading. First, IDT incorrectly represents to the Court that *Alexsam* "occurred back when this District allowed 'Preliminary Invalidity Contentions.'" (Dkt. No. 212 ("Reply") at 2.) *Alexsam* was filed and decided well after October 27, 2006, the date of this Court's General Order 06-15 eliminating "preliminary" contentions. (Ex. 1, at 18-23.) Second, IDT states that the Court's order does not address the three construed terms at issue, (Reply at 1-2), but IDT ignores the claim construction order in that case, which shows that the court adopted the constructions proposed by the patentee nearly word-for-word for these terms. (Ex. 2, *Alexsam Inc. v. Evolution Benefits*, Case No. 2:07-

cv-288, 2009 WL 2843333 (E.D. Tex. Aug. 28, 2009).) Contrary to IDT's statements, *Alexsam* is relevant and shows that the Court's adoption of the patentee's constructions does not preclude amendment pursuant to P.R. 3-6.

### B. IDT's Continued Reliance on Distinguishable Case Law

IDT does not disagree that its primary case law, *Mass Engineered* and *Finisar*, is distinguishable from the facts of this case, but only characterizes these differences as "irrelevant." IDT's labeling of Defendants' arguments as "irrelevant," however, does not make them so. The glaring differences between this case and the *Mass Engineered* and *Finisar* are directly relevant to the points for which IDT cites those cases. IDT cites *Mass Engineered* for the following points:

- "The fact that Defendants lost their constructions that were narrowly tailored for non-infringement purposes, does not now mean that Defendants can amend their invalidity contentions. 'Such a policy would encourage future accused infringers to propose narrow constructions focused on non-infringement while **sidelining potential invalidity defenses** until the Court issues its claim construction opinion.'" (Mot. 4 n.20; *see also id.* at 3.) (emphasis added).

- "[D]enying an argument from an alleged infringer that it did not anticipate the court's claim constructions because 'the Court adopted all of [patent owner's] proposed constructions, without major modification.'" (Mot. at 4, n.18.)

- "While invalidity arguments may prove to be a costly endeavor, this Court's rules oblige [an accused infringer] to assert such a defense early in the litigation if it is going to assert the defense at all" (Mot at 7, n.32; Reply at 2, n.10)

Here, Defendants did not sideline their invalidity defenses until after the claim construction order. Rather, Defendants maintained and still maintain that each and every asserted claim is invalid under 35 U.S.C. §§ 102, 103, and 112. What caused amendment of Defendants' invalidity contentions was the Court's unexpected claim constructions. Each of the above statements by the *Mass Engineered* court was premised on the unique circumstances of that case—one where the defendant attempted to rely solely on a non-infringement defense and never

2

raised an invalidity defense at all until after claim construction, when it tried to use P.R. 3.6(a) as an excuse to raise a wholly new defense. The real issue in that case was never whether defendant's brand new invalidity contentions were in response to an "unexpected" construction, but rather the defendant's "gamesmanship." *Id.* As the court itself recognized, that case was "[u]nlike the typical case of amending invalidity contentions." *Mass Engineered*, 250 F.R.D. at 287.

IDT cites *Finisar* primarily for the argument that "a party cannot argue that because its precise proposal for a construction of a claim term is not adopted by the court, it is surprised and must prepare new invalidity defenses to meet claims of infringement." (Mot. at 3, n.14.) Again, that statement by the court was premised on the unique circumstances of that case, where the defendant truly sought to provide wholly "new invalidity defenses"—specifically, *58 new prior art references* against *a single patent*. *Finisar Corp. v. DirecTV Grp., Inc.*, 424 F. Supp. 2d 896, 897 (E.D. Tex. 2006). Moreover, in that case the defendant's claim that it was "surprised" by the Court's constructions were simply not tenable because:

> "DirecTV agreed to many of the definitions. Many others were closer to DirecTV's proposal than to Finisar's. Some of the new references were to commonly known systems such as 'The Internet, Including the Domain Name System.'"

*Id.* at 901. The same simply cannot be said here, because Defendants have added just nine prior art publications and nine prior art devices against the six remaining patents-in-suit—just three prior art references per patent on average. Moreover, unlike in *Finisar*, Defendants have explained in detail how the Court's claim constructions of select terms were indeed "unexpected" and justify Defendants' amendments, (*see* Dkt. No. 202 ("Opp.") at 5-12.)

C. **IDT Does Not Deny that the Construction of "Low Loss" was Unexpected**

IDT does not dispute that the court's decision to read the "low loss" limitations out of the

3

claims was "unexpected." (Reply at 2-3.) Instead, IDT claims that the court's construction had "no practical effect" on the scope of prior art at issue, and that Defendants "should have searched the broadest possible swath of prior art." (*Id.* at 3.) IDT's argument relies entirely on a deliberate mischaracterization of Defendants' indefiniteness arguments. Contrary to IDT's suggestion, Defendants never argued that the term "low loss" was "so broad it was indefinite." (*Id.*). Defendants have consistently argued that the term "low loss" is indefinite because the term is one of degree and that the specification of the Patents-in-Suit fails to provide any standard to determine "low" loss as opposed to any other amount of loss. (*See, e.g.*, Dkt. No. 75 at 26-28; Dkt. No. 117 at 2-3.) It was this lack of any identifiable standard that could be applied to an actual device that precluded Defendants from relying on prior art device, not laziness or an unwillingness to identify such devices, as IDT suggests. The unexpected elimination of this limitation—and along with it the need to identify "low loss"—made prior art devices relevant, and Defendants justifiably amended their contentions accordingly.

    **D.  IDT Ignores the Substance of the Court's "Plain Meaning" Constructions**

    In its Reply Brief, IDT once again provides absolutely no case law or factual support for its argument that the Court's adoption of a "plain meaning" construction for certain terms cannot be unexpected because IDT argued a "plain and ordinary meaning." (Reply at 3-4.) IDT's argument presumes that IDT's proposed "plain and ordinary meaning" constructions are the same as the Court's "plain meaning," but IDT never shows this is the case. And it is clear that this is *not* the case for these terms. For example, IDT clearly believed the "plain and ordinary meaning" of the term "continuous sidewalls" should be "side walls that completely surround" (Dkt. No. 101 at 11, n.3)—but the Court explicitly *rejected* that interpretation. (*Id.* at 16.)

    IDT then claims, without case law or factual support, that by refusing to strike Defendants' amended contentions, the Court would allow *any* party to amend its contentions by

4

"twisting" the commentary in a claim construction order. (*Id.* at 4.) But IDT never shows how Defendants "twisted" the Court's commentary because Defendants did no such thing. Instead, Defendants specifically pointed out how the Court's explanation of its "plain meaning" constructions departed from the general understanding of those terms and broadened their scope. Tellingly, IDT never addresses the Court's discussions—in fact, IDT never substantively addresses the Court's basis for its "plain meaning" constructions *at all*. Thus IDT's arguments are entirely unsubstantiated.

### E. IDT Fails to Refute the Substance of Defendants' Arguments Regarding the Remaining Terms

IDT offers nothing more than unsubstantiated arguments for the remaining terms at issue, all premised on the flawed argument that amendment of contentions pursuant to Patent Rule 3-6 is precluded if the Court adopts constructions similar to those proposed by the patentee. (Reply at 5.) IDT otherwise fails to rebut Defendants' arguments. Regarding the term "transition region," IDT never refutes that the differences between the Court's construction and Defendants' proposed construction were in no way "minor." Regarding the term "pattern of deformities," again IDT provides no rebuttal to the fact that the Court specifically stated that its construction departed from the common understanding of that term, showing that the construction was unexpected.

### F. IDT Offers No Substantive Rebuttal to Defendants' "Good Cause"

IDT makes a half-hearted attempt to rebut Defendants' arguments that its amended invalidity contentions are further supported by "good cause" pursuant to Patent Rule 3-6(b), and offers nothing of substance that warrants a rebuttal.

Dated:  December 11, 2014  Respectfully submitted,

*/s/ Jamie B. Beaber*

Jamie B. Beaber (D.C. Bar No. 484186)
Stephen E. Baskin (D.C. Bar No. 456015)
Kfir B. Levy (D.C. Bar No. 989212)
Tiffany A. Miller (D.C. Bar No. 982735)
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
jbeaber@mayerbrown.com
sbaskin@mayerbrown.com
klevy@mayerbrown.com
tmiller@mayerbrown.com

Robert G. Pluta (Illinois Bar No. 6278255)
Michael J. Word (Illinois Bar No. 6297998)
Amanda K. Streff (Illinois Bar No. 6307105)
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
Telephone: (312) 701-8641
rpluta@mayerbrown.com
mword@mayerbrown.com
astreff@mayerbrown.com

**COUNSEL FOR DEFENDANTS DELL INC. AND HEWLETT PACKARD COMPANY**

Peter J. Chassman
(Texas Bar No. 00787233)
Email: pchassman@winston.com
Phillip D. Price
(Texas Bar No. 24060442)
Email: pprice@winston.com
WINSTON & STRAWN LLP
1111 Louisiana, 25th Floor
Houston, Texas 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

Kimball R. Anderson
(Illinois Bar No. 00049980)
Email: kanderson@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Drive

Peter J Wied (admitted *pro hac vice*)
GOODWIN PROCTER LLP
601 S. Figueroa St., 41st Fl
Los Angeles, CA 90017
Telephone: (213) 426-2500
Facsimile: (213) 623-1673
pwied@goodwinprocter.com

Harry L. Gillam, Jr.
(Texas State Bar No. 07921800)
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
gil@gillamsmithlaw.com

6

Chicago, Illinois 60601-9703  
Telephone: (312) 558-5858  
Facsimile: (312) 558-5700  

Deron R. Dacus  
(Texas State Bar No. 00790553)  
Email: ddacus@dacusfirm.com  
THE DACUS FIRM, P.C.  
821 ESE Loop 323, Suite 430  
Tyler, Texas 75701  
Telephone: (903) 705-1117  
Facsimile: (903) 705-1117  

**COUNSEL FOR DEFENDANT DELL INC.**

**COUNSEL FOR DEFENDANT**
**HEWLETT PACKARD COMPANY**

## **CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 11th day of December, 2014, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).


                                                  */s/ Michael J. Word*
                                                  Michael J. Word