IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| INNOVATIVE DISPLAY TECHNOLOGIES LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ACER INC., et al.,<br><br>    Defendants. | Civil Action No. 2:13-cv-522-JRG<br>(CONSOLIDATED - Lead Case)<br><br><br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' SUR-REPLY IN OPPOSITION
TO PLAINTIFF'S MOTION TO STRIKE OPINIONS OF MR. SMITH-GILLESPIE**

Defendants Dell Inc and Hewlett-Packard Company (collectively, "Defendants") submit this sur-reply to address the misleading statements and distinguishable case law in the reply brief (Dkt. No. 232 ("Reply")) filed by Innovative Display Technologies LLC ("Plaintiff" or "IDT") in support of its motion to strike (Dkt. No. 218 ("Motion").)

IDT's Reply begins by suggesting that Defendants have attempted to raise new prior art references and invalidity arguments in this litigation through the report of its expert, Mr. Robert Smith-Gillespie. (*See*, *e.g.*, Reply at 1 ("Defendants do not deny that the Gillespie Report includes new prior art.")) This is simply not true. Each of the invalidity bases and prior art references cited in Mr. Smith-Gillespie's report were properly raised in Defendants' Invalidity Contentions served on February 14, 2014 and amended on October 15, 2014. Any suggestion that Defendants have sought to introduce "new prior art" through the report of Mr. Smith-Gillespie is simply false and misleading. Indeed, IDT's own expert addressed in his rebuttal validity report all of the prior art that IDT contends is "new." (*See* Dkt. No. 228, at 3.)

Next, after having failed to make any argument in its opening Motion that it has been

1

prejudiced by Mr. Smith-Gillespie's report, because it cannot, IDT argues for the first time in its Reply that the "case-law in this District, in this Court" shows that it has been prejudiced. (Reply at 2.) However, none of the three cases that IDT cites in its Reply is instructive here. IDT's cases are wholly distinguishable on their facts, but more significantly, *none* of them addresses a situation where, as here, a party amended its contentions in response to a court's claim constructions pursuant to Patent Rule 3-6(a).

In *L.C. Eldridge*, the defendant attempted to raise, via its expert's report, wholly new invalidity arguments that were not found in its invalidity contentions. *L.C. Eldridge Sales Co. v. Azen Manufacturing Pte., Ltd.*, No. 6:11-cv-599, 2013 WL 7937026, at *1 (E.D. Tex. Oct. 11, 2013). In particular, the report of defendant's expert offered 70 invalidity opinions based on nine prior art references, and, of those, 67 opinions and two references were not previously disclosed in defendant's invalidity contentions. *Id.* Only after serving its expert report did the defendant seek leave to amend its invalidity contentions and "conform them to the disclosures made and opinions offered" in its expert's report. *Id.* Moreover, unlike the present case, the court in *L.C. Eldridge* explicitly noted that "Defendants do not argue that the Court's claim construction order requires them to amend their invalidity contentions" pursuant to Patent Rule 3-6(a). *Id.* at *2, n.1.

The other cases cited by IDT in its Reply—*Macrosolve* and *GeoTag*—do not actually address a motion to strike the opinions of an expert, but rather address motions by defendants for leave to amend invalidity contentions. *Macrosolve, Inc. v. Antenna Software*, No. 6:11-cv-287, 2013 WL 3833079, at *1 (E.D. Tex. July 23, 2013); *GeoTag, Inc. v. Frontier Commc'ns Corp.*, No. 2:10-cv-265, 2013 WL 2637141, at *1 (E.D. Tex. June 12, 2013). But more significantly, these cases are like *L.C. Eldridge* in that the defendants in *Macrosolve* and *GeoTag* sought leave

2

to amend only pursuant to the "good cause" provision of Patent Rule 3-6(b)—they never argued that the amendments to their invalidity contentions were in response to the court's claim construction order and permissible under Patent Rule 3-6(a).[1]

Because none of the cases cited by IDT addresses amendments pursuant to Patent Rule 3-6(a) in response to a court's claim constructions,[2] IDT's arguments about the respective timings of these rulings is irrelevant. (Reply at 2.) Patent Rule 3-6(a) addresses amendments made in good faith in response to a court's claim construction. Thus it is entirely unsurprising that the timing of Defendants' amendment in this case occurred *after* the Court's claim construction,[3] and later than in other cases dealing with proposed amendments sought only under Patent Rule 3-6(b).

Finally, contrary to IDT's argument the case law in this District, and in this Court, holds that when a party amends its contentions pursuant to Patent Rule 3-6(a), the fact that the other party's expert was able to address the new contentions shows a lack of prejudice. *See SSL Services, LLC v. Citrix Systems, Inc.*, Case No. 2:08-cv-00158-JRG, 2012 U.S. Dist. LEXIS

---

[1] In *Macrosolve* the defendant found new prior art during its efforts to prepare a request for *ex parte* reexamination, and delayed seeking leave to amend its invalidity contentions for several months, until after it had filed its request for reexamination. 2013 WL 3833079, at *2-3. In *GeoTag* the defendant "happened upon" a reference when counsel was cleaning out his garage. 2013 2637141, at *1.

[2] In a footnote, IDT also points to *Anascape, Ltd. v. Microsoft Corp.* in support of its arguments. No. 9:06-cv-158, 2008 WL 7180756 (E.D. Tex. May 1, 2008). Like the other three cases discussed in the body of IDT's Reply, *Anascape* did not involve a party's amendment to its contentions in response to a court's claim construction pursuant to P.R. 3-6(a). 2008 WL 7180756 at *5.

[3] IDT misleads again in stating that Defendants provided their amended invalidity contentions "only two weeks before opening expert reports were due." (Reply at 2.) First, IDT fails to explain how the deadline to file its opening report on *infringement* is relevant in any way to the content and timing of Defendants' contentions on *invalidity*. Second, IDT fails to mention that the parties agreed to extend the deadlines for expert discovery, and that IDT's rebuttal report on invalidity was not due until December 5, 2014, nearly two *months*—not two weeks—after Defendants served their amended invalidity contentions. (Dkt. No. 200.)

35788, at *7-8 (Mar. 16, 2012). ("Citrix will not suffer any appreciable prejudice if the amendment is allowed. By Citrix's own admission, no additional discovery will be necessary is if the amendments are entered and Citrix's expert has already submitted a rebuttal expert report addressing the new theories of infringement.") IDT does not rebut the fact that <u>its own expert opined at length</u> on the allegedly "new" opinions of Mr. Smith-Gillespie, devoting nearly 300 paragraphs of his expert report to the prior art references and products added in Defendants' Amended Invalidity Contentions. (Dkt. No. 228, at 3.) In addition, IDT had the opportunity to depose Mr. Smith-Gillespie regarding all of the opinions in his expert report, and did question him at length regarding many of the references added in Defendants' Amended Invalidity Contentions. (*See* Ex. 1, Gillespie Tr., at 72:16-77:23, 173:8-174:1 (addressing Sasuga reference); 204:7-214:13 (addressing Pristash reference); 169:1-174:1 (addressing Farchmin reference); 163:1-19 (addressing Gyoko reference); 188:18-189:4 (addressing Tsuchiyama reference); 200:1-203:17 (addressing Nakayama reference); 214:14-229:18 (addressing prior art products). The fact remains that IDT and its expert had ample time to prepare (and actually prepared) a lengthy rebuttal to Mr. Smith-Gillespie's report and to question Mr. Smith-Gillespie regarding his opinions in deposition. Accordingly, IDT has failed to show that it has been prejudiced here.

IDT closes with the argument that by denying Defendants' earlier motion for leave to amend, the Court found prejudice. (Reply at 3.) However, that motion involved different prior art and—like the cases above—was premised on Patent Rule 3-6(b), not 3-6(a). (Dkt. No. 71 at 2.) Moreover, at that time IDT's alleged prejudice was that it would have to expend time and resources modifying its claim constructions prior to the Court's claim construction. (*Id.* at 3-4.) Here, IDT cannot allege such prejudice—the prior art now at issue only became relevant as a

4

result of the Court's claim constructions.  (*See* Dkt. No. 202 at 5-12.)

Because IDT has come forward with no applicable case law to support its request to strike the expert opinions of Mr. Smith-Gillespie, and because IDT still cannot point to any prejudice, the Court should deny IDT's Motion.

Dated:  January 23, 2015                                       Respectfully submitted,

                                                                                 */s/ Jamie B. Beaber*
                                                                                 Jamie B. Beaber (D.C. Bar No. 484186)
                                                                                 Stephen E. Baskin (D.C. Bar No. 456015)
                                                                                 Kfir B. Levy (D.C. Bar No. 989212)
                                                                                 Tiffany A. Miller (D.C. Bar No. 982735)
                                                                                 MAYER BROWN LLP
                                                                                 1999 K Street, NW
                                                                                 Washington, DC 20006
                                                                                 Telephone: (202) 263-3000
                                                                                 Facsimile: (202) 263-3300
                                                                                 jbeaber@mayerbrown.com
                                                                                 sbaskin@mayerbrown.com
                                                                                 klevy@mayerbrown.com
                                                                                 tmiller@mayerbrown.com

                                                                                 Robert G. Pluta (Illinois Bar No. 6278255)
                                                                                 Michael J. Word (Illinois Bar No. 6297998)
                                                                                 Amanda K. Streff (Illinois Bar No. 6307105)
                                                                                 MAYER BROWN LLP
                                                                                 71 S. Wacker Drive
                                                                                 Chicago, IL 60606
                                                                                 Telephone: (312) 701-8641
                                                                                 rpluta@mayerbrown.com
                                                                                 mword@mayerbrown.com
                                                                                 astreff@mayerbrown.com

                                                                                 **COUNSEL FOR DEFENDANTS DELL INC. AND HEWLETT PACKARD COMPANY**

Peter J. Chassman                                                Peter J Wied (admitted *pro hac vice*)
(Texas Bar No. 00787233)                                         GOODWIN PROCTER LLP
Email: pchassman@winston.com                                     601 S. Figueroa St., 41st Fl
Phillip D. Price                                                 Los Angeles, CA 90017
(Texas Bar No. 24060442)                                         Telephone: (213) 426-2500

Email: pprice@winston.com
WINSTON & STRAWN LLP
1111 Louisiana, 25th Floor
Houston, Texas 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

Kimball R. Anderson
(Illinois Bar No. 00049980)
Email: kanderson@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-5858
Facsimile: (312) 558-5700

Deron R. Dacus
(Texas State Bar No. 00790553)
Email: ddacus@dacusfirm.com
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone: (903) 705-1117
Facsimile: (903) 705-1117

**COUNSEL FOR DEFENDANT DELL INC.**

Facsimile: (213) 623-1673
pwied@goodwinprocter.com

Harry L. Gillam, Jr.
(Texas State Bar No. 07921800)
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
gil@gillamsmithlaw.com

**COUNSEL FOR DEFENDANT HEWLETT PACKARD COMPANY**

**CERTIFICATE OF SERVICE**

    I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 23rd day of January, 2015, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                              */s/ Michael J. Word*
                                              Michael J. Word